The opinion of the court was delivered by
Miller, J.
The defendant, sentenced to imprisonment at hard labor, under Sec. 792 of the Revised Statutes, prescribing that punishment for an assault with intent to murder, prosecutes this appeal.
*1442 . He complains that, waiving his right to a jury trial, he was, notwithstanding his objection, tried and convicted by the jury. The general rule is the trial by jury in prosecutions for crime. The Conatitution provides for juries less than twelve where the punishment for the offence charged is not necessarily death or imprisonment at hard labor. Our legislation under that article Axes the number of the jury in that class of cases at Ave, and authorizes the waiver of the jury in such cases by the accused. Constitution, Art. 7, Act No. 35 of 1880; State vs. White, 33 An. 1218. The defendant’s offence is not Within the scope of the act of 1880. We are, however, relieved from determining whether, in the absence of any statutory or constitutional authority, it is the privilege of the accused to compel the trial by the court for the offence with which he was charged in this case. It is manifest, from the bills of exception embodying the statements of the trial judge, that he concurred with the jury and refused the new trial. It would be idle to set aside the verdict and remand the case to be tried by the judge, when practically the defendant has had the benefit of a trial by the judge as well as the jury.
Th'e assault charged on the accused was committed upon a peace officer engaged at the time in an effort to arrest the accused. The second bill of exceptions is to the questions allowed to be propounded to show the official character of the person assaulted. It is contended on behalf of the accused that not indicted for resisting an officer, no such testimony should have been received. It is not easy to see how showing testimony that the assaulted party was the town marshal could have prejudiced the accused. It would be a refinement at the expense of public justice to set aside verdicts, because a fact is elicited which, even if not pertinent, could have worked no harm to the accused. Besides the testimony tended to show that the assault was on a person in the peace of the State, a formal averment in all indictments. On this ground such testimony was held admissible in State vs. Warren Denkins, 24 An. 29.
The third bill of exceptions was to the charge of the court that a peace officer — i. e., a town marshal, may enter a disorderly house to suppress the disorder and arrest the disorderly persons without a Warrant. It is the qualification of the duty that the arrest shall not be for past, but for offences under the view of the officer. 1 Arch-bold’s Criminal Practice and Pleadings, Ohap. 2, Sec. 1. The charge *1443 related the circumstances under which the assault was made: the disorderly conduct of the accused in a saloon; that the attention of the town marshal was called to it, thereupon he entered the saloon, requested the accused to stop, which request was disregarded, whereupon the marshal attempted to make the arrest, when the accused made the assault charged. The judge adds the charge was warranted by the evidence, and it was important the jury should know that the officer had the right to make the arrest. We think the charge was pertinent and the principle of law correctly stated.
Lastly, our attention is directed to bill of exceptions No. 4 — to the refusal of a new trial. We have no power to review the facts on which the new trial was sought, except so far as they appear in the bill of exceptions. State vs. Nelson, 32 An. 842. The defendant submits this bill without argument, only invoking a careful examination of the law. On the facts stated by the judge with great -detail, importing that the offence was committed and fully proved, we see no ground for the new trial.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.